---

## WASSON, Respondent, v. HIRNING, Appellant.

### (210 N. W. 725.)

(File No. 5522.   Opinion filed Nov. 20, 1926.)

**Mandamus—Banks and Banking—Courts—Courts of Circuit Other Than That of Insolvent Bank's Domicile Had No Jurisdiction to Grant Writ of Mandamus Compelling Superintendent of Banks to Certify Name of Depositor to Guaranty Fund Commission.**

Circuit court of H. county held to have no jurisdiction to grant writ of mandamus against superintendent of banks, who was liquidating assets of insolvent bank in L. county, to compel him to certify name of unsecured depositor to guaranty fund commission; L. county being in another circuit, and circuit court of county of bank's domicile only having such jurisdiction.

---

Note.—See, Headnote, A m e r i c a n   Key-Numbered   Digest, Mandamus, Key-No. 141, 38 C. J. Sec. 528.

Appeal from Circuit Court, Hughes County; HON. JOHN F. HUGHES, Judge.

Application for writ of mandamus by Louise J. Wasson against John Hirning, as Superintendent of Banks of the State of South Dakota, to compel defendant to certify to the Guaranty Fund Commission the name of plaintiff as an unsecured depositor of the State Bank of Winfred. From a judgment granting the peremptory writ and an order denying a new trial, defendant appeals. Reversed and remanded, with directions.

*Null & Royhl,* of Huron, for Appellant.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

MORIARTY, C. The respondent applied to the circuit court of Hughes county for a writ of mandamus requiring the superintendent of banks to certify to the guaranty fund commission the name of respondent as an unsecured depositor of the State Bank of Winfred. Prior to the application for the writ the superintendent of banks had taken charge of the State Bank of Winfred as insolvent and was proceeding with the liquidation of *its assets.* The trial court made findings and conclusions favorable to respondent and entered judgment granting the peremptory writ.

From this judgment and an order denying a new trial this appeal is taken.

Appellant's brief contains several assignments of error, but, in view of the laws of this state as construed by recent decisions of this court, only one of these assignments requires consideration here.

The record shows that by specification of error No. VII the appellant presented to the trial court the following contention:

"The circuit court of Hughes county, S. D., is without jurisdiction to direct the control or distribution of the guaranty fund or of the funds of the State Bank of Winfred, said bank being located in Lake county, S. D., and said Lake county being no part or portion of the circuit in which is contained Hughes county, S. D., Hughes county being located in the Sixth judicial circuit and Lake county being included in and a part of the Second judicial circuit of the state of South Dakota; it being the con-

tention of the department that the affairs of an insolvent bank in the hands of the public examiner for liquidation must be directed and controlled exclusively by the circuit court and circuit judge of the circuit of the state of South Dakota within which such insolvent bank is located."

The facts are as stated in this specification, and the learned trial court should have sustained the appellant's contention.

"The whole theory of the laws relating to the department of banking is that the exclusive possession and control of the property of an insolvent bank are in the superintendent of banks, subject to the authority of the circuit court of the county of the bank's domicile." Hanson v. Sogn, 50 S. D. 44, 208 N. W. 229; Dockstader v. Hirning et al, 50 S. D. —, 209 N. W. 542.

It is true that this question of jurisdiction was presented to this court in First National Bank of St. Cloud v. Hirning, Superintendent, et al., 48 S. D. 417, 204 N. W. 901, and that the question was not referred to in the decision of that case; but as the result arrived at in that case was the same as would have resulted from a denial of the jurisdiction of the trial court, that decision cannot be considered as determining that the court of any circuit other than that of the bank's domicile has jurisdiction to control the acts of the superintendent of banks in matters such as that involved herein.

The circuit court of Hughes county had no jurisdiction to grant the peremptory writ in this proceeding.

The judgment and order appealed from are reversed, and the cause is remanded, with directions to dismiss the mandamus proceedings.